**MAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–75–763.**

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1976.

---

ORDER AFFIRMING DENIAL OF
POST CONVICTION RELIEF

Appellant, Paul May, was convicted of the crime of Murder in the Second Degree, in Case No. CRF–73–411 in the District Court, Comanche County. An appeal was perfected to this Court and his conviction was affirmed in *May v. State*, Okl. Cr., 532 P.2d 451.

Subsequently, appellant filed in the District Court an application for post conviction relief. Following an evidentiary hearing on November 18, 1975, the trial court denied appellant's application for post conviction relief. This appeal has been perfected from that order of the District Court.

Appellant urges that the District Court erred in denying his application for these reasons:

"(a) That the Appellant's constitutional rights guaranteed by the Fourteenth and Fourth Amendments to the United States Constitution were violated when the Trial Court allowed illegally obtained evidence into Appellant's trial, when said evidence was obtained through an illegal search and seizure of Appellant's automobile.

"(b) In improper cross-examination of Appellant at the Trial Court as to other offenses alleged to have been committed by the Appellant and improper cross-examination at the Trial Court tending to show commission of another crime.

"(c) The abuse of discretion by the Trial Court in denying Post–Conviction Relief in light of new evidence of material facts not previously presented and heard that required vacation of the conviction or sentence in the interests of Justice."

The trial court below found that appellant was barred from raising in an application for post conviction relief either of the first two issues set out above for the reason that no objection was made at the time of trial and no assignment of error made on appeal in regard to either of those grounds. We agree. See, 22 O.S., § 1086.

In support of the contention that there exists new evidence of material facts that requires vacation of the conviction in the interest of justice, appellant called five witnesses at the evidentiary hearing held on November 18, 1975.

At the trial which resulted in May's conviction, the most significant testimony against

him was that of his that he and Paul May went to the murder victim house intending to burglarize it. He testified that when the victim came home unexpectedly and surprised them inside the house. Paul May beat her first with a hoe handle and later with what appeared to be a log. His testimony was that the murder occurred some time around 7:00 p.m. At the evidentiary hearing on the application for post conviction relief, James McCracken testified that on the evening of the murder, he saw Paul May at the intersection of 38th Street and Cache Road in Lawton. McCracken was stopped at a red light at that intersection and he noticed a man whom he identified as Paul May standing beside a van with a flat tire. He remembered the incident because he had noticed that the van was jacked up and its position appeared to be precarious. He considered stopping to help, but decided against it. McCracken testified that it was approximately 6:00 p.m. when he saw Paul May at that intersection. (Tr. 14, 15) From the intersection of 38th Street and Cache Road, McCracken drove to the house of his brother-in-law, Ronnie Jones, a trip of approximately six miles. When McCracken arrived at his brother-in-law's house, Jones had just arrived home himself, and was pulling into his driveway. Ronnie Jones testified, at the evidentiary hearing, that his house was close to that of the murder victim's house, and that on the evening in question he had seen her taking packages from her automobile just a few moments before he arrived home. He remembered that James McCracken had arrived just as he was turning around in his driveway. Jones remembered the time of that incident to have been about 7:00 p.m. On the day following the murder, Jones reported seeing the victim alive at 7:00 p.m. to the authorities, Mr. McCracken testified at the evidentiary hearing that he had told no one of his observation of Paul May because he had not realized the significance of it, not connecting in his mind the man he saw standing at the intersection whom he knew as "Sonny" with the Paul May who was on trial for murder.

Jerry Ashcraft, the daughter of Paul May's wife, was also called as a witness at the evidentiary hearing. On cross-examination she affirmed that she had testified at the time of trial that on the day of the murder her mother had picked her up at Medicine Park in the white van at approximately 6:00; that the two of them had returned at 6:30 to the store where they worked; that Paul May was there at 6:30 and that he remained there until they left together to go to a drive-in movie at 7:30.

Charles Patterson, Jr., testified at the evidentiary hearing that he is an inmate of the Oklahoma State penitentiary, and that he had been in the Comanche County jail at the same time as Marvin Earnest. He testified that Earnest told him that Paul May had not committed the murder. Ralph Carpenter also testified at the evidentiary hearing that he was an inmate at the correctional facility at Stringtown and that he was in the Comanche County jail at the same time as Marvin Earnest. He testified that Marvin Earnest told him that he intended to implicate Paul May in the murder but that he felt May could "beat it."

Appellant urges in essence that the evidence he presented at the hearing of November 18, 1975, so strongly requires vacation of the conviction that the trial court abused its discretion in denying post conviction relief.

We have repeatedly held that the test to be employed in passing on a motion for a new trial on the grounds of newly discovered evidence as provided for by 22 O.S., § 952, is whether such evidence is material, whether the accused exercised due diligence to discover such evidence before trial, whether such evidence is merely cumulative, and whether there is a reasonable probability that, if such evidence had been produced at trial, it would have changed the result. See, *Stevenson v. State*, Okl. Cr., 497 P.2d 1114 (1972). We are of the opinion that the test is not different in passing upon an application for post conviction relief based upon the provisions of 22 O.S., § 1080(d), namely, "that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." The trial court in this case found that the evidence presented was insufficient to justify the vacation of the conviction be-

cause of certain inconsistencies in the testimony of James McCracken and because his testimony was in direct conflict with the evidence which the defense presented at trial.

We have carefully reviewed the transcript of evidence at the hearing of November 18, 1975, and conclude that we must affirm the finding of the District Court. The testimony of Pat Patterson and Ralph Carpenter is merely impeachment of testimony of Marvin Earnest. The testimony of Mr. McCracken, while material, is the result of a recollection had nearly a year after the incident. He consistently testified that he saw Paul May at the intersection at 6:00. (Tr. 14, 24, 25, 31,32,39) This testimony, even when coupled with that of Ronnie Jones who testified that he arrived home at 7:00, does not serve to clearly and definitely place Paul May somewhere other than the murder scene at the time of the killing. We agree with the finding of the District Court that such evidence does not necessitate that vacation of the conviction of Paul May in Case No. CRF–73–411.

IT IS THE ORDER of this Court that the denial of Post Conviction Relief appealed from be, and it hereby is, AFFIRMED.

/s/ Tom Brett
TOM BRETT, Presiding Judge
/s/ Hez J. Bussey
HEZ J. BUSSEY, Judge